PHILLIS, f. W. C. *vs.* GENTIN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A colored person shown to be a *statu libera*, in Pennsylvania, and now past the age at which she was to become free, according to the conditions under which she was held in servitude, and who had resided in another free state, with, or by consent of her owner, *is thereby free.*

Damages will not be awarded against an innocent purchaser of a colored person as a slave who recovers her freedom. It would be otherwise against the person who first violated her rights, by selling her as a slave.

This is a suit to obtain freedom. The plaintiff, a woman of color, alleges she was born free in the state of Pennsylvania, and that she and her two young children are held in slavery by the defendant. She prays that she and her children be adjudged free, and allowed five hundred dollars as damages for their illegal detention in slavery.

The defendant alleges the plaintiff and her children are slaves, and that he purchased them as such, by public or notarial act, passed before the parish judge of East Baton Rouge, and prays that Leon Bonnecaze, his vendor, be called in warranty.

Bonnecaze pleaded various matters not material to be stated.

The facts of the case are briefly recapitulated, from the testimony produced, by the district judge who tried it.

"The evidence in this case, appears to me to establish that the plaintiff, a black woman, was in the year 1814, and when she was of the age of fifteen years, bound as an indented servant at Philadelphia, to one Page, to serve till she was twenty-eight years of age; that after living a year and a half at Philadelphia, she was taken to Pittsburgh, in Pennsylvania. That in the autumn of 1816, Page transferred the time of service of plaintiff to Thomas W. Bakewell, who at that time married his daughter. Bakewell took the

plaintiff to Louisville, and in or about 1819, transferred her <span>Eastern Dist.</span> time of service to one Zuma, who lived at Cincinnati; she <span>March, 1836.</span> remained at Cincinnati some time, when Zuma took her to <span>Phillis, f. w. c.</span> St. Louis, where, after some time, he sold her term of service <span>vs.</span> <span>Gentin.</span> to one Sutton. She disappeared from St. Louis in the latter end of 1822, and the next trace we have of her, is, that she is sold in December, 1823, by Redding Herring to one B. Rhodus; from Rhodus, in 1824, she passed to Sarah Rowell, at the sale of whose succession, in 1830, Bonnecaze became her owner, who, in 1831, sold her to Gentin, against whom the present suit is brought for her liberty. The plaintiff alleges herself to be a free person, and not a slave, and alleges herself to have been born free.

" There is no evidence that she was born free, but the person in whose possession we first find her, held her as a person indented to service till twenty-eight years of age, which term has elapsed. She was in like manner held as an indented servant by Bakewell, Zuma and Sutton, successively; she also resided with Zuma, in Ohio, a state where slavery has never existed; this fact, according to the principle to that effect, established in the case of *Forsyth* vs. *Nash*, 4 *Martin*, would entitle the plaintiff to her liberty. If plaintiff was an indented servant in the hands of Page, Bakewell, Zuma and Sutton, it is not seen how she could afterwards become a slave. The plaintiff and her children, seem entitled to a decree for their freedom.

" This is no case for damages; since the institution of the suit, the plaintiff at her own instance, was taken out of the possession of defendants."

Judgment was entered accordingly. The defendant appealed.

*Maybin*, for the plaintiff.

1. That the court below decided correctly in admitting the depositions, to the introduction of which bills of exception were tendered.

2. That the judgment as to the question of freedom, is correct.

27

3. That the court below erred in not giving damages to the plaintiff, who prays that the judgment may be so amended by this court, that damages may be allowed to her to the amount claimed.

*Strawbridge*, contra.

*Mathews, J.*, delivered the opinion of the court.

In this case the plaintiff, held in slavery by the defendant, claims her freedom; her right to it is denied, and several persons who had sold her as a slave at different times were successively called in warranty, &c. The court below rendered a judgment declaring her free and from which the present appeal is taken.

The decision of the case depends principally on matters of fact; and the evidence, as it comes up to this court, fully sustains the judgment of the court below. The record, however, contains bills of exception to its introduction. The only one which we deem it necessary to notice is that taken to the admissibility of the testimony of Mrs. Page, taken on interrogatories. An affidavit of one of the counsellors for the plaintiff shows that the witness is a resident of the state of Ohio. It was, therefore, proper to take her testimony on interrogatories. Notice of the time and place of taking it was legally given to the counsel of the defendants, and it was taken by a person authorised to administer oaths. Under these circumstances, it appears to us that no solid objection exists to its admissibility.

This testimony, together with that of many other witnesses (rightfully admitted) appearing on the record, shows that the plaintiff was a *statu libera* in the state of Pennsylvania, that she is now past the age at which she was to become free according to the conditions under which she was held in servitude, and that she resided some time in the state of Ohio, with or by consent of her owner, a state where slavery or involuntary servitude is not permitted. She is, therefore, clearly now free. Damages were claimed on her part against those who held her in slavery, which were not decreed by

*A colored person shown to be a statu libera, in Pennsylvania, and now past the age at which she was to become free, according to the conditions under which she was held in servitude, and who had resided in another free state, with, or by consent of her owner, is thereby free.*

the judgment of the court below.    This claim is here <span style="float:right">EASTERN DIST.</span>
repeated in the answer on the appeal.    We think they ought <span style="float:right">*March*, 1836.</span>
not to be allowed against the defendant or any of the
warrantors, except the vendor who first violated her rights by
selling her as a slave for life ; he would be liable to vindictive
damages in a suit regularly brought for that purpose.    But
it does not appear that he is now before the court in such a
manner as to authorise judgment against him for damages in
favor of the plaintiff.    All others who have had her in their
possession appear to have been possessors in good faith.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

<div style="float:right; width:30%; text-align:left">
DUFFY<br>
*vs.*<br>
BYRNE.<br>
<br>
Damages will
not be awarded
against an inno-
cent purchaser
of a colored per-
son as a slave
who recovers her
freedom.      It
would be other-
wise against the
person who first
violated      her
rights, by selling
her as a slave.
</div>