Murphey v. Menard.

MURPHEY, ADM'R *de bonis non*, v. MENARD.

Section 121 of the Act of March 20th, 1848, to regulate proceedings in the County Court, pertaining to estates of deceased persons, (Hart. Dig. Art. 1230,) is not unconstitutional, on the ground that it contains matter not embraced in the title of the Act. (It provides for a revision in the District Court of the settlement of the accounts of executors and administrators.)

An administrator *de bonis non* cannot sustain an action under the 121st Section of the Act of March 20th, 1848, to regulate proceedings in the County Court, pertaining to estates of deceased persons, (Hart. Dig. Art. 1230,) nor under any other Section of that Act, nor on general principles, in the District Court, to revise the settlement of the account of a former administrator. Such proceeding lies at the suit of a creditor, legatee or distributee, only.

It seems that the only action which an administrator *de bonis non* can have against a former administrator is on the bond, not for maladministration or a devastavit, but to recover any amount that is shown to be due by the settlement of such former administrator's final account.

Appeal from Liberty. This suit was brought by Murphey, as administrator *de bonis non*, against Menard, as the former administrator upon the estate of Lynch, to set aside the final settlement of his accounts as administrator, by the Probate Court, under the provision of Article 1230 of the Digest. The petition was filed in May, 1851. It states the appointment of the defendant as administrator in 1841. It charges him with having wasted and squandered the effects of the intestate, even before the grant of his letters of administration, and with maladministration generally. It states that in October, 1843, he filed an exhibit in the Probate Court of the assets and liabilities of the estate, showing that there had come into his hands the sum of sixteen thousand four hundred and eighty-three dollars belonging to the estate; that he, at the same time, filed sundry vouchers for sums which he claimed to have paid out; none of which, except the sum of sixteen hundred and fourteen dollars, were allowed by the Court on settlement with the administrator, as being evidenced by proper vouchers; that he afterwards neglected and refused to come forward and

84

make any other or further showing of the condition of the estate, though often cited by the Probate Court so to do, until, in January, 1848, his letters of administration were revoked ; that afterwards, in May, 1849, he applied for and obtained a final settlement of accounts with the estate ; that it was made without process to bring any party into Court ; that in this settlement vouchers were allowed him by the Court to the amount of $13,451, which left a balance of $2,497 in his favor, for which the Court rendered judgment against the estate ; that many of these vouchers had probably been disallowed by the Court nearly six years before ; that the vouchers so allowed were not legal vouchers ; that if for debts that ever existed, they were not properly established or authenticated ; that they were paid illegally and fraudulently and without proper proof, or authority from the Probate Court, and after they were barred by limitation ; and that the estate was thereby defrauded in the sum of $15,948 ; that the estate was not legally represented in the Court at the time of the settlement, and that it was illegally and fraudulently procured and made ; and the petitioner prays that the settlement, and judgment therein rendered by the Probate Court in 1849, be set aside and annulled ; or if it be not deemed to be void for fraud and the want of jurisdiction in the Probate Court, that said settlement be revised and corrected, and for general relief.

There was a demurrer to the petition sustained, and the plaintiff appealed.

*E. B. Pickett*, for appellant. It is further contended that this suit cannot be maintained, because an administrator *de bonis non*, is not a person interested in the estate in the sense of the Section, so as to enable him to maintain this suit. It is believed this objection will be found to have but little force, when the tenor and spirit of the Act of 1848 are considered. It is the duty of the Courts to carry into effect the intentions of the law-making power. To get at these intentions, and to construe a law correctly, the whole law must be taken to-

gether. Some other portions of the law may throw much light on that part that seems not clear.

When the 115th Section of the Act is compared with the 121st, it is believed no doubt will exist that the Legislature intended to include administrators *de bonis non*, in the 121st Section.

*B. C. Franklin*, for appellee. The appellee insists that the judgment was rightly rendered.

1st. Because Article 1230, Hartley's Digest, is unconstitutional and void; the same being in violation of the 24th Section, General Provisions of the State Constitution. "Every "law enacted by the Legislature shall embrace but one object, "and that shall be expressed in the title." (Hart. Dig. p. 73.) The title of the Act of which Article 1230 is a part, is, "An "Act to regulate proceedings in the County Court, pertaining "to estates of deceased persons." Article 1230 confers jurisdiction on the District Court and prescribes what shall be done in the District Court. The County Court could do no act under this Article; nor does it regulate any proceeding in the County Court.

2nd. The plaintiff sues as "administrator *de bonis non.*" An administrator *de bonis non* can maintain an action only for those articles which remain unadministered. (Kelsy v. Smith, 1 How. Miss. R. 68.) He cannot sue the first administrator for devastavit; the extent of his commission being to administer the effects unadministered. (Stubblefield v. Mc-Raven, 5 S. & M. 130; Byrd v. Holloway, 6 Id. 323, Miller v. Womack, Frem. Ch. 486.)

An administrator *de bonis non* cannot sue on the bond of the first administrator for any maladministration on his part; but can only sue upon it to recover the value of specific property of the intestate remaining in his hands which he or they refuse to deliver. (Prosser v. Yerby, 1 How. Miss. R. 87.)

By Article 1224, Hartley's Digest, which defines the duties of administrators *de bonis non*, (according to the Act 20th

March, 1848,) appointed under that Act, " he shall succeed " to all the rights, powers and duties of the former executor " or administrator." " They shall proceed to administer such " estate in like manner as if their administration was a con-" tinuation of the administration of the former executor or " administrator."

The plaintiff then could only continue the administration that had been commenced by Menard. If there had been any errors committed by the Court in its previous adjudications, the heir, creditor or legatee who had an interest in the estate, could alone have those errors corrected by proceeding in the mode and within the time prescribed by law for their correction.

WHEELER, J. In support of the judgment of the Court on the demurrer, it is insisted for the appellee, that Article 1230 of the Digest, under which this proceeding was instituted, is in violation of Section 24 of the General Provisions of the Constitution, and void, because not within the object of the law as expressed in its title. This objection we do not think tenable. The 121st Section of the Act in question, does but provide another mode of proceeding to revise the judgments of the County Court. It does, in effect, but give an appeal from the judgment of that Court; and this it was competent for the Legislature to do under the title of the Act in which this Section is embraced. (Parker v. Parker, 10 Tex. R. 83.) It does not come within the mischiefs which it was the object of this provision of the Constitution to prevent, and it is not, we think, in violation of its letter and spirit.

Various other objections to the right of action and to the petition have been urged by counsel; but one of which, however, it is material to consider, as that will dispose of the case; that is, that the plaintiff is not the party authorized by the statute to institute this proceeding. The provision of the statute is " That any one interested in the estate of a deceased " person, may at any time within two years after the settle-

" ment by the Chief Justice of any account of the executor or " administrator of such estate, have the same revised and cor-" rected," &c. (Hart. Dig. Art. 1230.)

Does the plaintiff come within the description of persons who are authorized by the statute to institute this proceeding? Is he, as administrator *de bonis non*, a person on whom the right of action is conferred by the provision that " any one " interested in the estate may have any account of the execu-" tor or administrator of such estate," which has been allowed by the Chief Justice, revised and corrected? We think not. It is the allowance of the account of the administrator, which any one interested in the estate, and, of course, some one other than such administrator, is authorized to have revised and corrected. It is evident from the phraseology of the statute, that it was not intended to provide a remedy for the administrator *de bonis non*. The remedy given may be pursued as well while the administrator remains in the discharge of the functions of his office, as after it is determined. It is not the final account only, but any account of the administrator, which any one interested in the estate may have revised and corrected. It is a remedy given against, not by an administrator. The statute has no reference to a proceeding by an executor or administrator; but was evidently intended for the benefit of those interested in the estate as creditors, legatees or distributees. The administrator *de bonis non* could have no interest in the settlement of an account of the former administrator. "His duty only extends to effects left unadministered, and his interest is in them alone." (1 How. (Miss.) R. 92.) He is a mere trustee, is chargeable only in so far as he receives assets, and has no such interest in the estate as will enable him to maintain an action against the former administrator for maladministration; or as will authorize him to prosecute an appeal, or other proceeding to have the acts of the former administrator revised and corrected. A previous Section of the statute had made provision for suits by the administrator *de bonis non* against the former administrator;

and the cases there provided for are the only cases in which such action can be maintained. (Hart. Dig. Art. 1224.)

The Court did not err in sustaining the demurrer, and the judgment is affirmed.

Judgment affirmed.