JOHN BALDWIN AND OTHERS V. J. H. DEARBORN.

The sureties of an administrator are liable for his failure to deliver over to his successor, on demand, property shown to be in his possession and not accounted for, after the date of his bond as administrator.

Where the petition contains a good cause of action, and there is no statement of facts or bill of exceptions, it will be presumed that the facts in evidence before the jury sustained their verdict.

Error from Wood. Tried below before Hon. John Gregg.

Suit by defendant in error as administrator *de bonis non* of the estate of V. Hobbs against George W. Vickery, a former administrator of said estate, and his sureties upon his administration bond. The plaintiffs in error excepted to the sufficiency of the petition, for the reasons stated in the Opinion, which exception was overruled, and upon this ruling assigned as error the case comes up.

*Winston Banks*, for plaintiff in error.

*J. H. Dearborn*, for defendant in error. I. No statement of facts having been filed in this cause, it will be presumed that every thing susceptible of proof under the pleadings was proved, (10 Tex. R. 508 ;) and that the charge of the Court was pertinent to the case as presented in the evidence, and unless it clearly appear that the charge, in connection with the evidence, was calculated to mislead, and did mislead the jury to the prejudice of the plaintiff in error, the verdict must stand. (1 Tex. R. 326.)

II. The petition discloses a good cause of action if the facts alleged were true, which depended upon the evidence

adduced which was admitted by the demurrer, and therefore the demurrer was properly overruled. (Prewit v. Farris, 5 Tex. R. 370 ; 7 Tex. R. 517.)

The general demurrer was the only exception to pleadings urged in the Court below, and all others being waived the defendants below, by their plea, filed 11th August, 1857, admitted a good cause of action at the time of suit brought, but pleaded "a delivery of the property since the commencement of this suit," and upon the issue thus joined a verdict was rendered in favor of the plaintiff below, which will cure all defects, omissions or imperfections in the petition, whether of substance or form. (1 Chitty's Plead. 712, 722 ; DeWitt v. Miller, 9 Tex. R. 239.)

ROBERTS, J. · There is no statement of facts or bill of exceptions in the record of this case, and the only question which can be inquired into is the ruling of the Court overruling the exceptions of defendants below, Baldwin *et al.*, to the sufficiency of Dearborn's petition. The petitioner seeks to recover, as administrator *de bonis non*, of the former administrator, Vickery, and the sureties on his bond, damages for failing to deliver over the property in his hands on demand, and to make a settlement for the funds of the estate in his possession. The petition and amendments set forth the bond executed in 1854, and the inventories for the years 1852, 1853, 1854 and 1855. The last one of which was filed after the bond, now sued on, was given, and shows the amount of property in the hands of the administrator, Vickery, by referring to previous inventories. The amount of property thus shown to have been in the hands of the former administrator, after giving this bond, was of value alleged to be greater than the amount of the verdict found by the jury. These facts are stated with some indirectness and circuity, though with sufficient certainty. And the question of law arising upon them

is simply whether the sureties of an administrator are liable for his failing to deliver over to his successor on demand, property shown to be in his hands and not accounted for after the date of his bond as administrator.

By the terms of the bond the sureties bind themselves for the performance by the administrator of " all the duties required of him under said appointment." (Hart. Dig., Art. 1132.) An administrator *de bonis non* succeeds to all the rights, powers and duties of the former administrator, and has power to settle with, receive from, or sue for all property of whatever character remaining in the hands of the former administrator ; and also he has " power to bring suit on the bond of the former administrator in his own name, as administrator, for all the estate that has not been accounted for by such former administrator." (Hart. Dig., Art. 1224.)

This suit then is brought by express authority of the Statute, as well as in consonance with the spirit and policy of the law regulating decedents' estates.

The petition contains a good cause of action against both the principal and sureties ; and as there is no statement of facts or bill of exceptions, we must presume that the facts in evidence before the jury sustained the verdict. (Walling v. Kennard, 10 Tex. R. 508.) And for the same reason we cannot review the charge of the Court in this case, as there is nothing in the record to show that it was erroneous with reference to the facts of the case. (Davis v. Loftin, 6 Tex. R. 489.)

Judgment affirmed.