OLIVER F. BOULWARE AND OTHERS v. OBADIAH HENDRICKS, ADMINISTRATOR.

An administrator *de bonis non* may sue the former administrator, and the sureties on his bond, for the effects of the estate in his hands, for which he has not accounted.

The administrator *de bonis non* may recover from the former administrator, money received by him for the hire of slaves, though it has been judicially established that the negroes were manumitted by the will of the testator ; it not appearing that such suit had either been brought, or decided, previous to the receipt of such money. And especially, where a petition of intervention by the negroes, claiming the hire, has been dismissed, and they have not appealed.

A judgment in such case, establishing the freedom of the negroes, does not, by relation back to the death of the testator, fix their *status* as free persons from that time. Whether it does so from the institution of the suit, or the date of the judgment, is not decided. The question has been variously ruled in different courts.

Negroes, in this state, are *primâ facie* slaves ; and, when held as such, they are slaves *de facto*, whether *de jure*, or not.

If they are wrongfully held as slaves, the courts are open to them, to assert their rights. As long as they fail to do so, their *status*, as slaves, is recognized, and so long the mutual obligation of duty and protection subsists.

APPEAL from Harrison. Tried below before the Hon. Charles A. Frazer.

This was a suit by the appellee, as the administrator *de bonis non* of the estate of Gabriel Moore, deceased, against Oliver F. Boulware, a former administrator *de bonis non* of the same estate, and Henry Martin and Roden T. Crain, the sureties on his bond.

The facts are sufficiently apparent from the opinion of the court, as to the only questions discussed in it ; it is deemed, therefore, unnecessary to state them.

*Marshall & McKay*, for the appellants.

*N. H. Wilson*, for the appellee.

ROBERTS, J.—This is an action by an administrator *de bonis non*, against a previous administrator *de bonis non*, and his sureties, for the recovery of effects left in his hands, not accounted for.

The first ground of defence, is, that the former administrator is not liable to this action on his bond, at the suit of the present administrator; but that he is liable, if at all, to the heirs, distributees, or creditors, of the estate. Such may be the case, in states having a different probate system from ours, where creditors are allowed to bring suit directly against the administrator. (Byrd v. Holloway, 6 Sm. & Marsh. 323.) Here, collections of debts are made, and distribution of the estate is obtained, through the County Court, and express provision is made for the transmission of the remaining effects of the estate, from the hands of an administrator to his successor; and to accomplish this object, such a suit as this is authorized. (Hart. Dig., Art. 1224.)

Another ground of defence is, that most of the effects now in the hands of the former administrator, were the proceeds of the hire of negroes whose freedom has been established since he ceased to be administrator, by virtue of a will of the decedent, whose estate he administered. This defence is founded upon the supposition, that the negroes had a subsisting valid right to demand of him the proceeds of their hire, during the time he is called on to account for it by the present administrator. This is the leading subject of controversy in the case.

The judgment establishing their freedom, was rendered after he ceased to be administrator of the estate, and it does not appear when their suit for freedom was commenced; so that the proposition contended for, is, that the judgment establishing the freedom of the negroes, fixes their *status* as free persons, by relation back to the date of the death of the *testator*; and that, from that time, the negroes were entitled to the profits of their services. We do not think this is the law. The relation of master and slave has its reciprocal duties and obligations. It cannot be dissolved, by either party, except by the course pre-

Boulware v. Hendricks.

scribed by law. Negroes are, in this country, *primâ facie* slaves. While held as such, they are slaves *de facto*, whether *de jure*, or not. If they are dissatisfied with their condition, and have a right to be free, our courts are open to them, as well as to other persons, to assert their right. As long as they fail to do so, they recognize their *status* as slaves, and so long, the mutual obligation of duty and protection subsists. Any other doctrine would complicate this relation, whose simplicity and certainty is most beneficial to both the parties to it,—the master and the slave.

Whether the time of bringing the suit for freedom, or that of the rendition of the judgment, is the time when the slave shall be regarded as having repudiated his condition, and lawfully withdrawn his assent to it, is not entirely settled by the authorities. This question has arisen in Mississippi, North Carolina, Virginia, and other states, and has been differently decided in different states. (Cobb on Slavery, § 289; citing 3 Miss. 385; 4 Yerg. 299; 1 Dev. Law, 376; 9 La. 208; 1 Bibb, 422; 5 Grat. 12; 4 Leigh, 163.) It is unnecessary to consider that question in this case, as it does not appear that their suit for freedom was pending while he was administrator.

Another feature of this case, operating against this defence, is, that the negroes intervened in this suit, after they were declared free persons, and claimed the proceeds of their hire. Their petition was excepted to, and dismissed upon the trial, and they have not appealed from the judgment against them.

There are other questions involved in the fiduciary relation, borne by the defendant towards this estate, which might have an influence upon the merits of his defence. But a further examination of the subject is unnecessary. We are of opinion that the judgment is not erroneous, and it is therefore affirmed.

Judgment affirmed.