T. McDonald v. G. F. Alford, Administrator.

1—An administrator *de bonis non* can not maintain an action in the District Court to vacate a decree obtained by his predecessor in the Probate Court.

2—The only suit maintainable by an administrator *de bonis non* against his predecessor is a suit on the bond of the latter, for property or assets of the estate not accounted for by him.

3—An administrator *de bonis non* is not a person "interested in the estate" of his intestate within the meaning of Article 1382, Paschal's Digest, which authorized persons so "interested" to institute suit in the District Court to correct accounts of executors or administrators settled in the Probate Court.

4—The rulings to the same effect in Murphy v. Menard, 11th Texas, 673, cited and approved.

5—In a suit in the District Court, under Article 1382, there can be no other plaintiffs than the persons "interested in the estate;" no other subject matter than the matters or things adjudicated by the Probate Court; and no other defendants than the former administrator or his heirs.

6—It is not competent for an administrator *de bonis non*, nor even for parties "interested in the estate," to combine in one suit an action against the former administrator, to set aside an order obtained by him, with an action against a third party to recover land conveyed under such order.

7—The land in controversy in this suit lay in a different county from that in which the suit was brought; but that feature seems of no significance so far as the foregoing rulings are concerned.

8—By Article 1423, Paschal's Digest, suits for the recovery of land must be instituted in the county where the land, or some part of it, is situated.

APPEAL from Houston.    Tried below before the Hon. Samuel L. Earle.

This suit was brought to the February term, 1862, of the District Court of Houston county, by George F. Alford, as administrator *de bonis non* of the estate of George G. Alford, deceased, against Joseph H. Inman, a citizen of Trinity county, and Thales McDonald, a citizen of McLennan county.

The petition alleged that George G. Alford died intestate in Houston county, about the month of April, 1847, leaving a considerable estate; that in the same year, administration on his estate was granted to the defendant, Inman, who acted as administrator, until removed, in 1860 or 1861, when the plaintiff was appointed in his place.   That certain land scrip came to the hands of Inman, as assets of the estate, and he confederated with another party to defraud the heirs and creditors of George G. Alford, by fraudulently obtaining from the County Court an order for the sale of the scrip.   That at the May term, 1850, of the County Court, Inman did fraudulently obtain such order of sale, by representing to the court that the sale of the certificates was necessary for the payment of debts; whereas the fact was that there was enough personal property to pay all demands against the estate.   That at the sale in June, 1850, Inman corruptly arranged with his confederate that the latter should bid off the scrip for the benefit of Inman himself, and the scrip was so bid off, and the note of the confederate taken for the purchase money, in order to give an appearance of honesty to the transaction.   That Inman falsely reported the sale to the court as a fair sale, and procured an order of confirmation, and afterwards gave up to his confederate the note given for the purchase money, though unpaid; and ever since the said Inman has claimed the scrip as his own, and had it located on valuable land in McLennan county.   That Inman has sold, or pretended to sell, the land to the defendant, McDonald, who, before the sale, had full knowledge of all the

fraudulent acts and agreements of Inman in relation to the scrip. That there are still just demands outstanding against the estate of George G. Alford. That in 1857, patent for the land issued to the heirs of Alford, but the defendant, McDonald, had obtained possession of it and of the land, and refuses to deliver it either to the plaintiff or to the heirs.

The plaintiff prays that the order of the County Court for the sale of the scrip, and also the order of confirmation of the sale, be decreed null and void; that McDonald be compelled to deliver to plaintiff the patent; and that plaintiff have judgment for damages and general relief.

The defendants excepted to the petition, because the matters relative to the sale of the scrip were *res adjudicata* in the Probate Court; because more than two years and more than four years had elapsed since Inman's final settlement of his administration on George G. Alford's estate; because, if plaintiff had any cause of action, it should have been asserted by *certiorari* to the Probate Court, whose action remains in full force, unappealed from and unreversed; and for other reasons. The exceptions were overruled, and defendants excepted.

The defendants also filed an answer, denying the alleged frauds of Inman, averring the legality of the sale in all respects, and pleading limitation in behalf of McDonald.

At the Fall term, 1868, the case came to trial. The orders and files of the County Court, relating to the sale of the scrip, were put in evidence, and a good deal of testimony, which there is no occasion to particularize.

The court below instructed the jury that if there was a fraudulent combination between Inman and his confederate, Hall, to obtain the scrip by the means alleged; and if McDonald, previous to or at the time of his purchase of the land, had notice of such combination, then the plaintiff was entitled to recover.

The jury found in favor of the plaintiff, and judgment was rendered in accordance with the prayer of his petition. A new

trial being refused, the defendant, McDonald, appeals, and assigns for error the overruling of the exceptions, besides other causes not necessary to notice.

*S. P. Donley*, for appellant.

*T. J. Word*, for appellee, argued the cause in full upon its merits, and filed a further brief on the questions involved in the opinion, as follows:

First—Can the administrator *de bonis non* bring suit against the preceding administrator of the same estate? I unhesitatingly answer that he can. (Paschal's Dig., pp. 337–8, Arts. 1375, 1376; and 14 Texas, 62, 67, 68, Murphy v. Menard; 17 Texas, Martell v. Martell, 391, 396; and 23 Texas, 667, 668, Bulware v. Hendricks.)

Second—Was the suit brought in the proper county? The answer is, that this question can not be raised in this court for the first time. It must have been raised in the court below, to enable this court to consider the question.

But the suit was properly brought in the proper county, and against the proper persons. If the parties were not sued in their proper counties, that question should have been shown by pleas in *abatement*. This was not done.

This suit was brought in Houston county, where administration had been had; and the object of the suit was to annul and vacate certain orders and decrees of the County Court of Houston county; and the District Court of Houston county was the proper court to act upon the decrees of the County Court of that county. McDonald and Inman claimed rights, by deeds, under these decrees and orders, sought to be annulled and vacated. They, claiming rights and interests under these decrees and orders, were proper parties to the suit, and were properly brought before that court, that their rights might be passed on, without regard to the place of their residence. The District Court of Houston county had jurisdiction alone to

vacate the orders and decrees of the County Court of Houston county, and, as a necessary consequence, had jurisdiction over all parties interested in those decrees and orders.

But I can not follow this subject any further. *None* of these questions were raised below, by *plea or answer*, nor by *special* exception, and they can not be raised on *general* demurrer.

Morrill, C. J.—Alford, as administrator *de bonis non* of the estate of George G. Alford, deceased, instituted suit in the District Court of the county of Houston, against J. H. Inman, a citizen of the county of Trinity, and S. McDonald, a citizen of the county of McLennan, for the double purpose of setting aside a decree or order of the County Court of Houston county, ordering the sale of two certificates of land scrip, Nos. 354 and 358 of the Toby scrip, as well as the order confirming the sale made at the May and July terms, 1850, which orders were made while the said Inman was administrator of said estate, and to recover of McDonald twelve hundred and eighty acres of land situate in the county of McLennan, conveyed and patented by virtue of the said Toby scrip, Nos. 354 and 358.

Exceptions were made to the proceedings and were overruled. The parties went to trial, and plaintiff recovered a verdict and judgment against McDonald for the land.   The suit is brought before this court by appeal.

The first question that is presented relates to the sufficiency of the petition :

First—Can an administrator *de bonis non* institute a suit in the District Court to vacate a decree of the County Court obtained by his predecessor ?

Second—Can an administrator *de bonis non* unite in the same suit an action against his predecessor to set aside an order of the County Court, and an action of trespass, to try title against another party for lands situate in a county different from the one in which the suit is brought ?

Art. 1376 provides : " When an administrator of an estate

not administered, has been or shall be hereafter appointed, he shall succeed to all the rights, powers and duties of the former executor or administrator, except such rights and powers conferred on the former executor by the will of the testator as are different from those conferred by this act on executors generally : and such administrators shall have power to make themselves parties to all suits prosecuted by the former executor or administrator of the estate : they shall have power to settle with the former executor or administrator, and to receive and receipt for all such portion of the estate as remains in their hands; they shall have power to bring suit on the bond or bonds of the former executor in their own name, as administrator for all the estate that has not been accounted for by such former executor or administrator ; and they shall proceed to administer such estate in like manner as if their administration was a continuation of the former executor or administrator, with the exceptions hereinbefore named," etc.

This section of the act defines the powers and duties of an administrator of the estate not administered : and it is precisely what one would suppose it to be from the meaning of the words used in describing the officer. He is a successor of the former administrator, and he has no power or authority to attempt to impeach, set aside, or undo what his predecessor may have done, however irregular it may have been. The only way he can maintain a suit against the former administrator is a suit upon the bond of the former administrator to recover the property or estate that has not been accounted for by such former administrator.

Art. 1382 provides that " any one interested in the estate of a deceased person, may at any time within two years after the settlement by the Chief Justice of any account of the executor or administrator of such estate, have the same revised and corrected by the District Court of the county in which the letters of such executor or administrator were granted, upon making proof before such District Court that there was any error or

fraud in such account or settlement: *Provided*, that he shall first obtain from the clerk of the court in which such account was settled, a transcript of all the papers relating to such account and settlement and file the same, with a petition, in the clerk's office of said District Court, and cause such executor or administrator, or his legal representatives, to be cited as in other suits in said District Court."

This article does not authorize the proceedings had in the case before the court, because the administrator, as such, is not interested in the estate: he is a mere agent, appointed by law to collect the personal property of the estate, and after having paid the debts thereof, to deliver the property to those interested.

But it is not necessary to wait till the close of an administration before irregularities or illegalities can be corrected or set aside. Art. 1384 provides that " any person who may consider himself aggrieved by any decision, order, decree or judgment, shall have the right to appeal to the District Court of the county," etc.

The views herein expressed will not be found to be inharmonious with the former adjudications of this court. In Murphy v. Menard, 11 Tex., 673, an administrator *de bonis non* brought suit against a former administrator to set aside the final settlement of his accounts as such administrator. In that case as in this, exceptions were taken to the capacity of the party plaintiff to institute suit. In that case, but not in this, the exceptions were sustained by the District Court. In that case the Supreme Court sustained the judgment of the District Court. In that case Judge Wheeler says: " The administrator *de bonis non* could have no interest in the settlement of the account of a former administrator. This duty only extends to effects left unadministered, and his interest is in them alone. He is a mere trustee, is chargeable only in so far as he receives assets, and has no such interest in the estate as will enable him to maintain an action against a former administrator for maladministration, or as will authorize him to prosecute an appeal

or other proceeding to have the acts of the former administrator revised and corrected."

But were the heirs of the deceased intestate the party plaintiff herein, instead of the administrator *de bonis non*, the second question is, can this suit be blended with another for the recovery of land held adversely by a third party, whose residence as well as the land is in a different county from the one in which the suit is instituted?

It will be perceived that in an action to set aside a decree of the County or Probate Judge, the parties necessarily are those interested in the estate as plaintiff, and the administrator as defendant, or, in case of his death, his legal representatives (Art. 1382). This forms a suit of itself. There can be no other plaintiffs than those interested in the estate. There can be no other matter or thing in controversy than what was adjudicated in the County Court, and there can be no other defendant than the former administrator or his heirs. It might be convenient for a person who had several claims against different individuals—for instance, separate accounts against some; different and separate notes against some others; land suits against others living in separate and distinct and distant counties—to cite them all in one suit, and thus make a wholesale business of his collections and controversies, but the statutes of this State do not authorize the proceeding.

It is perfectly evident that the first, last and only object of this writ was the recovery of land situate in McLennan county, in possession of the appellant, as owner; and the judgment of the court is in compliance with the petition. But Art. 1423 provides that "where the recovery of land is the object of a suit, the suit must be instituted where the land or a part thereof is situated."

The judgment is reversed, and cause dismissed in both the District and this court, and the costs to be paid by defendant in error.

Reversed and dismissed.