## G. W. GRANT v. A. T. McKINNEY, ADM'R, &c.

1. In a suit on an administrator's bond, brought by the administrator *de bonis non* against the original administrator and his sureties, it appeared that the original administrator was the surviving partner of the intestate, and that the assets of the estate consisted of the intestate's interest in the goods of the firm left in the hands of the surviving partner, who was appointed the original administrator, and who, as such, inventoried the assets, but failed to account for them. His sureties, being defendants in this suit, pleaded that the assets did not come to the hands of their principal as administrator, but as surviving partner, and, if converted at all, were converted by him as surviving partner, and not as administrator; and further alleged that the partnership had never been settled up. But it was neither alleged nor proved that the assets had been applied to payment of partnership debts. *Held,* that on this state of case the defendants were liable to the administrator *de bonis non* for the value of the assets and interest.

2. An order of a probate court, removing an administrator, recited that he had grossly neglected his duties, had failed to report sales, or to make any exhibit of the estate, though more than a year had elapsed since his appointment, and that, being a transient person, and his residence unknown, no process could be served on him, and that proof had been made that he eluded service of process. This order was made on the same day as an application for his removal, and it does not appear that any citation was issued for him; but the order of removal had never been reversed or appealed from. The sureties of the administrator thus removed being sued on their bond by the administrator *de bonis non,* insisted that the order of removal was void, and, consequently, the plaintiff was not legally administrator, nor entitled to maintain this suit. But *held,* that at the worst the order was not void, but only voidable; and being unreversed, its validity could not be impeached in this collateral way.

ERROR from Walker. Tried below before the Hon. J. R. Burnett.

The principal facts are stated in the opinion. Reily was appointed the original administrator of Hanna, at the December term, 1867, of the probate court of Walker county; and the order for his removal was made on the 1st of April, 1869. This latter order purports to have been made on the application of

A. T. McKinney, and this application bore the file mark of April 1st, 1869. The material recitals of the order are shown in the head notes. McKinney's application informed the probate court that Reily had sold all the property of the estate, and had removed from the county, " and is now a transient person ; that " has for several months grossly neglected the duties of his office " as administrator; that twelve months have elapsed since letters " of administration were granted to him ; that he has not yet " filed any exhibit of the condition of said estate, as required by " law ;" wherefore the removal was prayed for.

This order, and the application for it, were put in evidence by the appellant, defendant below ; and he introduced the (former) deputy clerk of the probate court, who testified that he did not remember that any citation issued, notifying Reily of the application for his removal, nor could he find any among the papers.

*Abercrombie & Banton,* for the plaintiff in error.

*First.* Was the removal of Reily from the administration legal and valid ?

*Second.* Was the appointment of McKinney, administrator *de bonis non* legal and valid ?

By reference to the application of McKinney for the removal of Reily it will be seen it was made under Article 1295, Paschal's Digest. This Article required notice to the administrator, except in case of his having removed from the State, or otherwise endeavored to elude the service of process. In either of these events, the court might hear and determine the motion or complaint though the citation be not served. The application did not allege the existence of either of these grounds, and did not ask for citation. Neither did it allege the existence of any ground for removal without citation. (Article 1294.)

To give the court jurisdiction to hear and determine the

motion or complaint for the removal of Reily, there should have been service of citation on Reily; or, in its absence, there should have been averment and proof of absence from the State, or of his having endeavored otherwise to elude the service of the citation. There was not, and could not be, before the county court, any proof of either of these causes or grounds of jurisdiction. The order of removal was made the same day the complaint was filed. The clerk's testimony shows no citation was issued. The order removing Reily attempted to supply these defects by reciting that Reily had endeavored to elude the service of process, when the records of the court show that there was no process the service of which he could elude. "Justices, of course, cannot give themselves jurisdiction by "erroneously and capriciously deciding contrary to the truth upon "the question upon which their jurisdiction depends. Justices "cannot give themselves jurisdiction by finding that as a fact "which is not a fact." (Welch v. Nash, 8 East, 394, cited and approved by this court in Holman v. City of Austin, 34 Texas, 668.)

The order recites that citation had issued to Reily to make report of the condition of the estate; that he was a transient person, and his residence unknown; and upon these recitals proceeded to order his removal. It then occurring or being suggested to the court that the existence of these facts did not authorize his removal, *without notice of application for his removal*, and that something else is yet necessary to give the court jurisdiction, the court adds, "proof having been made to "the satisfaction of the court that said Reily has eluded the ser- "vice of process,"—thus finding as a fact that which was not a fact, in order to acquire jurisdiction.

The law with reference to justices on this subject applies with equal force to probate judges. The charge asked by the defendant raising this question was refused by the lower court, because, in the opinion of that court, the probate court was authorized to remove, and the order was conclusive. We have already seen the court was not authorized to make the removal.

The judgment removing Reily was not conclusive as to him, unless he was brought before the court by some process known to the law, and had an opportunity of being heard. (McCoy *v.* Crawford, 9 Tex. 356; Id. 512.)

It may be insisted that the order removing Reily was a judgment and cannot be collaterally attacked, but if the court was without jurisdiction on the question of removal, the judgment was void, and may be disregarded at any time and in any court.

Besides, this is a question of the right of plaintiff to recover for *devastavit,* on the bond. In the case of Murphy *v.* Menard, 14 Tex. 67, after elaborately discussing the question whether or not the succession was closed when the administrator *de bonis non* was appointed, the court concluded by saying: "The administration must be regarded as closed, and no legal administrator could be required, and ought not to have been appointed, and that his appointment could give no right of action." If the fact that the succession had been closed would make the appointment of an administrator a nullity, certainly the fact that the administrator had not been removed would make the appointment of another a nullity; and such appointment would give him no right of action on the bond of the lawful administrator.

*Randolph & McKinney,* for the defendant in error.

The plaintiff in error in the court below, averred that there were outstanding debts against the late firm of Reily & Hanna —a fact easy of proof, if true—but he adduced no evidence in support of that averment. The inventory, in the absence of any evidence to the contrary, is conclusive on this point. Reily declared under oath that property of the description and value as set forth in the inventory and appraisement belonged to his decedent's estate. Reily's application for letters of administration shows that the firm owed no debts. Grant is bound by the inventory; at least, he must affirmatively show that it is

incorrect. The proof clearly shows that Reily converted the property of the estate to his own use; whether he did so as "surviving partner" or "administrator," will not, we think, vary Grant's responsibility for the defalcation of his principal.

Reily was removed by the court having jurisdiction of his person and the subject matter. It cannot be attacked in a collateral proceeding. (Randall v. Howard, 2 Bl. 285; Giddings v. Steele, 28 Tex. 250; Thomason v. Ridgway, 24 Tex. 478; Monroe v. Cobb, ib. 555.)

That judgment stands unreversed and in full force. It is contended that under Article 1295 of Paschal's Digest an administrator could in no case be removed until after issuance of citation. If so, then the presumption is that the citation was issued before the rendition of the judgment.

The fact that the district clerk, in March, 1871, did not remember its issuance, or that it could not be found among the papers of the cause, or that the removal was made on the same day that the application therefor was filed, in no way tend to overcome this presumption. Proof having been made to the satisfaction of the court that Reily had eluded the process of the court, clearly indicates that the citation had been issued. At most, the judgment was voidable and not void, and so remains in full force until reversed in the manner prescribed by law. Even if this judgment was void, the subsequent judgment of the same court appointing McKinney administrator *de bonis non* of the same estate was a virtual removal of Reily. Moreover, the right of McKinney to sue as administrator *de bonis non* was not brought in issue in the court below. There was therefore no necessity for him to prove his allegations relative thereto. (Toller v. Stubblefield, 32 Tex. 188; 12 Tex. 112; 25 Tex. 473.)

Reily has appealed from neither of these judgments, and though served with process in this suit, has made default, and so virtually admits the allegations contained in the petition. He had abandoned the trust confided to his care, neglected the duties of his office, and eluded the process of the court in which the administration of his decedents estate was proceeding, as

appears from the recitals contained in the first judgment. Can Grant now be heard to complain in this collateral proceeding? We think not.

WALKER, J.   John Reily and Robert Hanna, in the lifetime of Hanna, were partners in trade. Hanna dying, Reily was appointed the administrator of the estate. He qualified and gave bond, with George W. Grant, the plaintiff in error, and J. A. Stranahan as his sureties. Reily was subsequently removed from the administration, and McKinney appointed *de bonis non*. McKinney brought this suit against Reily and his securities on the official bond. At the March term, 1871, judgment was taken against Reily and Stranahan by default. Grant made defense to the action, but there was a verdict and judgment against him for three hundred and fifty-nine dollars and seventy-eight cents, from which judgment he brings the cause to this court on error.

Two causes for reversal are insisted on. 1st. If Reily did convert the assets of Hanna's estate to his own use, he did it not as administrator, but as surviving partner. 2d. That the judgment of the probate court of Walker county, removing Reily, was a nullity, and consequently the defendant in error could not have been legally appointed administrator *de bonis non*, and therefore could not maintain this suit.

These errors are not well taken. Reily, as the administrator of Hanna's estate, and the securities upon his official bond, are liable for whatever assets came into his hands, and though he might have applied Hanna's interest in the partnership property to the payment of partnership debts without becoming liable to the individual creditors of Hanna, there is no pretense that a necessity for such application existed.

Under the circumstances insisted upon by appellant's counsel, the judgment of the probate court would have been only voidable, and therefore, standing as it does, unimpeached and unappealed from, we cannot review it here.

The judgment of the District Court is therefore affirmed.

                                        Affirmed.