HENRY JOHNSON ET AL. v. JAS. B. MORRIS, ADMINISTRATOR, &c.

1. SUIT BY ADMINISTRATOR DE BONIS NON.—It has been repeatedly decided by this court that an administrator *de bonis non* may sue the former administrator and his sureties for the property in his hands unadministered.

2. SAME—INVENTORY.—The inventory returned by the administrator being, by statute, *prima facie* evidence of the property of the estate in his hands, cannot be impeached or contradicted by mere loose and indefinite opinions of witnesses as to its correctness.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

Morris, administrator *de bonis non* of the estate of J. L. Hobley, brought suit against Johnson, his predecessor, and his sureties, for the value of the unadministered assets shown in the inventory.

Defendants demurred, and pleaded a general denial. Plaintiff by amendment, alleging the non-residence and insolvency of the principal, dismissed as to him, and one of the sureties not served with process.

The demurrer was overruled and a verdict rendered, finding Johnson, the principal, to be insolvent, and for the plaintiff $654, for which, judgment was rendered less $90 remitted by plaintiff. On the trial plaintiff gave in evidence the inventory of Johnson and his administration bond. Some credits were established, and there was some testimony to credits not allowed, and an attempt to attack the correctness of the inventory.

The defendants appealed, assigning as error, the action of the court in overruling the demurrer, and insisting that such suit could not be maintained by an administrator *de bonis non.*

*Callen & Denton,* for appellants, cited Murphey *v.* Menard, 11 Tex., 673; 5 Sm. and Marsh, 141; 6 Sm. and Marsh, 323; Johnson *v.* Hogan, 37 Tex., 77; Albright *v.* Corley, 40 Tex., 105.

*James B. Morris,* for himself, cited Martel. *v.* Martel, 17 Tex., 396; Baldwin *v.* Dearborn, 21 Tex., 446; Boulware *v.* Hendricks, 23 Tex., 667; McDonald *v.* Alford, 32 Tex., 35; Grant *v.* McKinney, 36 Tex., 62; Probate Act of 1870, secs. 271, 272, 273.

MOORE, ASSOCIATE JUSTICE.—The court did not err in overruling the demurrer to the plaintiff's petition. It has been repeatedly decided by this court that an administrator *de bonis non* may sue the former administrator and his sureties

for the property of the estate in his hands unadministered.
(Martel v. Martel, 17 Tex., 396; Baldwin v. Dearborn, 21
Tex., 446; Boulware v. Hendricks, 23 Tex., 667; Grant v.
McKinney, 36 Tex., 62.) If a contrary doctrine has ever
been announced, it has been through inadvertently giving a
construction to what is said in the cases of Murphey v. Men-
ard, 11·Tex., 673, and Johnson v. Hogan, 37 Tex., 77, with-
out a due observance of the facts in these cases and the
questions they involved. In neither of these cases was the
court called upon to decide whether a suit might be main-
tained by the administrator *de bonis non* against his predeces-
sor and his surety on his bond for property of the estate
which came into his possession and upon which he had not
administered. But they in effect involved the right of the
administrator *de bonis non,* by suit on his predecessor's bond
in the District Court, to correct and revise the action of the
Probate Court on his accounts.

The distinction between the two classes of decisions which
we have cited above is plainly pointed out in the case of
Martel v. Martel, in which the court held that an action just
such as the present could be maintained. Judge Lipscomb·
says: "There is nothing in the case of Murphey v. Menard,
11 Tex., 673, repugnant to this conclusion. The only point
settled in that case is, that an administrator *de bonis non* can-
not sustain an action under the 121st section of the act of
March 20, 1848, to regulate proceedings in the County Court,
pertaining to the estates of deceased persons, (Hart. Dig., art.
1230,) nor under any other section of that act, nor on general
principles, in the District Court, to revise the settlement of
a former administrator; such proceeding lies at the suit of a
creditor, legatee, or distributee only."

The statute makes the inventory of the estate returned by
the administrator *prima facie* evidence of the property of the
estate in his hands. Certainly the mere loose and indefinite
opinion of a witness, such as that excluded by the court, can-
not be admitted in evidence to impeach or contradict the

written admission of the administrator by his inventory, showing that a larger number of cattle than the witness thought the intestate owned at the time of his death had come into his possession as such administrator; nor was there any error in permitting the discontinuance of the suit as to Johnson, who, from the testimony, the jury found to be wholly insolvent, or Mrs. Pratt, upon whom service had not been obtained. The judgment is affirmed.

AFFIRMED.