Debrell v. Ponton.

## C. AND W. DEBRELL v. JOEL PONTON, GUARDIAN.

The payees of a note, executed by a husband and his wife, brought suit against the guardian of the children of the wife by a former husband, to subject to the payment of the note, the interest of the wife in the estates of her deceased husband, and of a deceased son, which was alleged to have passed into the possession of the guardian, and the suit was brought after the husband and wife, as administrator and administratrix of the first husband, had closed their administration by final settlement. It was *held* that the guardian could not go behind the final settlement and prove that the second husband, as administrator, had converted to his own use property of the estate for the purpose of relieving the interest of the wife in his hands from liability on the note.

When the administrator has rendered a final account, made a final settlement with the estate of his intestate and been discharged by the Probate Court, it is not competent for him or any person interested in the estate, in a collateral proceeding like the above, to go behind the final settlement and falsify the same for his own advantage, or that of the heirs of the estate.

A paper headed " Statement of Distribution of the estate of Andrew Ponton, deceased, between the widow and the surviving children, as follows :"

and purporting to be made out, approved and signed by the Chief Justice of the County Court, and ordered by him to be spread upon the minutes, (but was not entered as a judgment or decree,) was introduced as a proof of partition. It was *held* that while the paper was admissible as evidencing a partition, yet it was not such a judicial act as to be conclusive upon the plaintiffs in the case above stated, and the court erred in not so instructing the jury.

In the above stated case, the declarations of the wife to the effect that she had received all to which she was entitled out of the estates of her deceased husband and of her deceased son, ought, perhaps, not to be heard at all; but if heard, ought to be of but little weight.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

This case was formerly before the Supreme Court, reversed and remanded, and reported in the 22d vol. Texas Reports, page 686.

On the second trial in the court below, A. W. Hicks, for defendants, testified "that he knew that there was a negro man named Sam belonging to the estate of Andrew Ponton, deceased, and that Mrs. Bellows told him that her husband had carried said negro to Bastrop county and hired him out; that said negro disappeared about that time from Lavaca county, and he never saw him afterwards." To the introduction of which evidence " the plaintiffs objected on the ground that the defendant could not go behind the final settlement of Bellows and wife, made by them as the administrator and administratrix of the estate of Andrew Ponton, deceased, without first showing that there was an appeal therefrom, or that they had applied for a writ of *certiorari* to revive and correct said final settlement." On the same ground the plaintiffs objected to the admission of the testimony of W. J. Hoverton, who testified "that Mrs. Bellows told him that she had let her husband take the negro Sam to New Orleans, and that he was sold by her husband for nine hundred dollars, and that he had gambled away the money."· The objections were overruled and the plaintiffs excepted.

B. B. Walker for defendant testified that he was the legal adviser of Mrs. Bellows; that "she told him that she had got all

that she was entitled to from the estate of A. Ponton, deceased; that she did not now owe the heirs any thing, and that they did not owe her any thing." The plaintiffs objected to this evidence on the ground that her admissions were not binding on them; that the proper evidence of the partition of the estates of A. Ponton and Virgil Ponton was the records of the County Court of Lavaca; that her admissions were inadmissible to prove the partition, or that she had received her full share of the estates." The objection was overruled and the plaintiffs excepted. The other facts are stated in the reported case and in the opinion of the court in this case.

On the second trial the court below charged the jury: "If you believe from the evidence that there is now in the hands of Joel Ponton any money or property to which Mrs. Mary H. Bellows would be entitled as her distributive share of the estate of her deceased son, Virgil Ponton, if she were alive, then you will find for the plaintiffs the amount of the note sued on, with interest, if the amount you find is equal to the claim of plaintiffs. If you should think that there is not enough in the hands of the guardian to satisfy the plaintiffs' claim entirely, then you will find for so much as you may find in his hands. If you believe that Mary H. Bellows received of the estate of Virgil Ponton all that she was in any manner entitled to, and that if she were now suing, she would not be entitled to any thing from the estate of Virgil Ponton, then you should find for the defendants." There was a verdict and judgment for the defendants, and the plaintiffs appealed.

*Robert L. Foard*, for appellants.

*R. M. Tevis*, for appellee.

BELL, J.—We are of opinion that there is error in the judgment of the court below.

When this case was formerly before this court, it was held that the plaintiffs below showed a good cause of action by their petition. (22 Tex. R., 686.)

40*

On the last trial in the court below we are of opinion that the court erred in permitting the witness, A. W. Hicks and W. J. Howerton to testify to the conversion of the negro Sam by D. C. Bellows, while he was acting as the administrator of the estate of Andrew Ponton, deceased. The administration of Mr. and Mrs. Bellows upon the estate of Andrew Ponton had been closed before the institution of the present suit. The administrator and the administratrix had filed their final account and made final settlement with the estate and had been discharged. It was not, therefore, competent to go behind their settlement with the estate, and permit them or any others interested in the estate, in a collateral proceeding like the present, to falsify their final settlement for their own advantage or for the advantage of the heirs of the estate. This testimony was well calculated to influence the minds of the jury in deciding the question of Mrs. Bellows' interest in the estate, which was the main question of fact before the court.

We are also of opinion that the court below ought to have instructed the jury particularly with reference to the value to be attached to the paper marked B, which was introduced to show a partition of the estates of Andrew and Virgil Ponton. Although this paper might be entitled to respect as evidencing a partition of the estates in any controversy between the heirs, on the ground of their assent to it and acquiescence in its provisions, it was not such a judicial act as to be conclusive upon the plaintiffs below in a suit like the present. The very object, or one of the objects, of such an arrangement might have been to place the property in the hands of the heirs, and out of the reach of the creditors of Mrs. Bellows. We think, therefore, the jury ought to have been instructed that the so called partition was in no respect conclusive upon the plaintiffs. So the declarations of Mrs. Bellows, to the effect that she had received all to which she was entitled out of the estates of her former husband, and her deceased son, although they would be entitled to consideration as against herself, if she were urging a claim against the heirs, ought, perhaps, not to be heard at all, or if heard, ought to be of but little weight, in a suit

by her creditor, the object of which is to subject her interest in the estates of her husband and son, now alleged to have passed wrongfully into other hands, to the payment of his debt.

The judgment is reversed and the cause remanded.

Reversed and remanded.