### MINNICK v. DREYER MOTOR CO.
#### (No. 2356.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 13, 1921.)

**1. Appeal and error ☞1170(3) — Erroneous sustaining of special exceptions to petition held harmless.**

Complaint could not be made by plaintiff of action of the court in sustaining special exceptions to his petition so far as it was for conversion of an automobile, where there was no testimony whatever that a particular car among those belonging to defendant was ever designated or in any way identified as one defendant had sold to plaintiff, and plaintiff's testimony clearly indicated that no particular car was ever so designated, under Rule 62a for the government of Courts of Civil Appeals (149 S. W. x).

**2. Sales ☞212—Contract for automobile held executory, and plaintiff was never owner.**

Seller of car was not guilty of conversion of a car, where the contract was executory in that he had never designated or in any way identified any one of several cars as the one sold to the plaintiff.

**3. Appeal and error ☞1011(1)—Province of trial court to determine facts under conflicting evidence.**

Where the testimony was conflicting as to a matter of fact, it was the province of the trial court, and not the appellate court, to determine the question.

**4. Appeal and error ☞878(6)—Appellee cannot complain of errors in judgment as to costs.**

Appellee cannot complain of errors in the judgment of the court below in awarding costs, and the appellate court is without power to disturb a judgment against it.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Suit by S. C. Minnick against the Dreyer Motor Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The suit by appellant was on the theory that in a transaction between him and appellee he became the owner by purchase from

appellee of a Ford automobile. At the time he commenced his suit, to wit, October 14, 1919, appellant sued out and had a writ of sequestration levied on an automobile in appellee's possession, which the latter replevied. The trial was on an amended petition filed March 2, 1920, in which appellant prayed that he be awarded the title and possession of the car, together with interest on $675.93 (alleged to be the value thereof) from said October 2, 1919, when he claimed he purchased it, to said March 2, 1920, $2 a day during that time as the value of the use of the car, and $100 "attorney's fees as exemplary damages," and, further, in the event the car was not delivered to him "in keeping with the order and judgment of the court," that he recover of appellee and the sureties on its replevy bond sum of $675.93, interest, and $2 a day for the time stated as the value of the use of the car. The trial court sustained exceptions to the petition so far as it was (1) for a conversion of the automobile, on the ground that it did not appear from the allegations therein that appellant became the owner of the car, (2) for damages for the use of the car, and (3) for attorney's fees. Trying the case without a jury, the court, it seems, treated it as one for damages for the breach by appellee of a contract to deliver an automobile to appellant, or as one to recover back the $675.93 which he alleged he paid appellee for an automobile. From testimony heard at the trial it appeared that the motor company was engaged in the business of selling Ford cars at Texarkana, and had a branch office in De Kalb. Because it was unable to fill orders for cars as the orders were received, the company adopted the practice of listing the orders as they were received at the Texarkana office and then filling them as listed when cars reached it. The order of appellant for a car, made July 16, 1919, was in writing, as it seems all such orders were. By its terms appellant was to deposit (and he did) $25 with appellee, which he was to forfeit if he should fail to take the car he ordered when notified it was ready for delivery, and the motor company was not to "be held liable for any delay or failure to make delivery through any cause whatever," and the "legal title of said car" was not to pass to appellant "until the full purchase price thereof plus freight and delivery charges" had been paid by him. Appellant's order was listed, the witness Dreyer, who was the head of the motor company, testified, as other such orders were. There were then, he said, 30 unfilled orders on the list, only 21 of which, he said, were filled before October 14, 1919, when appellant filed his suit. Appellant testified he ordered the car through the motor company's De Kalb branch office; that thereafter and before said October 14, the motor company received a shipment of cars, three of which were of the "kind and character" he ordered; that the motor company did not deliver one of the three cars to him, and when he complained about it told him the one intended for him (which he said was shown to him) by mistake was delivered to another person, and then assured him he should have a car out of the next shipment the company received; that on said October 14 the motor company received another shipment of cars of the "kind and character" he ordered, but refused, when he demanded that it do so and tendered it the balance of the purchase price, to wit, $650.93, to deliver possession of one of the cars to him; that he then deposited said sum of $650.93 in a bank in De Kalb to the credit of the motor company and notified it that he had done so. He further testified that the motor company notified him February 4, 1920, that it had reached his order on its list and was ready to deliver him a car. He further testified that he had called upon the motor company to pay him the $25 he deposited with it at the time he made the order, and the $650.93 he had deposited to its credit in the De Kalb bank, and that his request was refused. And he further testified that orders for cars made after his was made had been filled by the motor company, but did not say when such other orders were filled.

The trial court found that the contract for the purchase of the car was executory only, for that no particular car was ever "designated or set apart to Minnick by the motor company." He further found that the condition on which appellant was entitled by the terms of the contract to demand the delivery of a car to him never arose until February 4, 1920, when the motor company tendered delivery of a car to him and he refused to receive it. And he further found that the deposit made by appellant in the De Kalb bank of $650.93 to the credit of the motor company was without its knowledge or consent, and that it never after the deposit was made "assumed charge or control thereof or claimed any interest in the money so deposited." On said findings and others (which we do not think it necessary to state) he made, the court rendered judgment in appellant's favor for the $25 he deposited with the motor company at the time he ordered the car, and refused him any of the other relief he sought.

Sid Crumpton, of Texarkana, for appellant.
Rodgers & Rodgers, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] It would serve no useful purpose to determine whether the trial court erred or not when he sustained special exceptions to appellant's petition so far as it was for conversion of an automobile; for if he erred, in view of all the testimony, and particularly that of appellant in his own behalf, and of Rule 62a for the government

of Courts of Civil Appeals (149 S. W. x), the judgment should not therefore be reversed. There was no testimony whatever that a particular car among those belonging to appellee was ever designated or in any way identified as one appellee had sold to appellant. On the contrary, the testimony of appellant as a witness in his own behalf, as well as other testimony heard by the court, clearly indicated that no particular one of said cars was ever so designated or otherwise identified. Therefore it may be said to have appeared not only without dispute, but conclusively, so far as he was concerned, from appellant's own testimony as a witness, that his contract for the purchase of a car was executory and that he never was the owner of a car by force thereof. Cleveland v. Williams, 29 Tex. 204, 94 Am. Dec. 274; Parlin & Orendorff Co. v. Kittrell, 95 S. W. 703; 24 R. C. L. 18. It would seem to follow necessarily that appellant was never entitled to maintain his suit for conversion, and that the ruling of the trial court therefore, if erroneous, was harmless. Hence the first assignment is overruled, as are the third and fourth for the same reason.

[3] If it did not appear from a clear preponderance of the evidence that appellant never by the terms of the contract became entitled to demand that appellee deliver a car to him before February 4, 1920, as was found by the trial court, then certainly it must be said the testimony was conflicting as to whether he had such a right before that time or not. In that event it was the province of the trial court, and not this court, to determine the question. Therefore we overrule the seventh assignment.

[4] In his eleventh assignment appellant complains because the court, after awarding him a recovery of $25 against appellee, adjudged that he pay the costs he had incurred in his suit. As we view the record the error committed by the trial court was not in so adjudging costs, but in awarding appellant a recovery of any sum and in failing to adjudge that he pay all the costs of the suit. Appellee complains of this in its brief, but as it did not appeal this court is without power to disturb the judgment against it.

Other assignments not in effect disposed of by what has been said are overruled, and the judgment is affirmed.