### BROWN v. SPORNITZ et al. (No. 2972.)

Court of Civil Appeals of Texas. Amarillo. May 9, 1928.

Appeal and error ⬅1040(3)—Any error in sustaining demurrer to plaintiff's petition held harmless, where there' was full hearing on cross-action presenting identical issue.

If court committed error in sustaining general demurrer to plaintiff's petition, such error was harmless, where there was a full hearing on cross-action presenting identical issues.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Suit by R. L. Brown against C. J. Spornitz, U. S. Rudy, and another, wherein defendants named filed a cross-action. Judgment sustaining a demurrer to plaintiff's petition and for defendants on the cross-action, and plaintiff appeals. Affirmed.

Birge & Nelson, of Amarillo, for appellant. Cooper & Lumpkin, of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the county court of Potter county, Tex., by R. L. Brown, plaintiff, against the Amarillo National Bank, U. S. Rudy, and C. J. Spornitz, defendants.

Plaintiff alleges that, on the 23d day of June, 1926, the Ohio National Life Insurance Company was the owner of sections Nos. 15 and 16 in block L, in Wheeler county, Tex., and entered into a contract with U. S. Rudy and C. J. Spornitz by the terms of which it agreed to sell and convey said land to Rudy and Spornitz, who agreed to purchase on the terms stipulated, and deposited in escrow with the Amarillo National Bank the sum of $500, to be applied as part of the purchase price on said land, upon the consummation of the sale, and to be forfeited to the Ohio National Life Insurance Company, as liquidated damages, if Rudy and Spornitz failed and refused to comply with the contract of purchase. A copy of the contract is attached to, and made a part of, the petition.

The contract is signed Ohio State Life Insurance Company, Seller, by Godfrey Investment Company, R. L. Brown, Agent. U. S. Rudy and C. J. Spornitz sign as buyers.

The provisions of the contract necessary to a disposition of this appeal provide, in substance, that the seller is to furnish to the buyer at Amarillo, Tex., an abstract of title certified to date; that the buyer shall, within ten days from the receipt thereof, examine the abstract of title, and point out in writing any objections or defects to the title; that, if objections are disclosed, upon an examination of the abstract, and pointed out by written opinion, the seller shall use his best efforts to correct such objections and defects and have a reasonable time within which to make such corrections; that, if no objections are disclosed and pointed out, or if they are corrected, the contract shall be consummated, but, if the objections are such that cannot be corrected within a reasonable time, the rights of the parties under the contract shall terminate; that a copy of the contract, together with $500, is placed by the buyer in the Amarillo National Bank, which sum shall be applied as part of the purchase price upon the consummation of the trade; if the buyer makes default, and fails and refuses to carry out the contract, then said sum of $500 shall become the property of the seller, and constitute liquidated damages.

The plaintiff alleges that the seller delivered to the buyer a full and complete abstract of title certified to date, showing a good and merchantable title to the land described in the contract, cured all defects to the title raised by the buyer within a reasonable time, and tendered a conveyance to the buyer, who failed and refused to carry out the obligations imposed by the contract, and who defaulted in the performance thereof, by reason of which the $500 was forfeited to the seller, as liquidated damages under the contract; that the seller, on or about February 1, 1927, assigned to the plaintiff all its right, title, and interest in and to said contract, together with the said $500; that the Amarillo National Bank is the gratuitous escrow agent, has no interest in said money, except to deliver it to whomsoever is entitled thereto; that in drafting the contract, by error, the scrivener caused said contract to read Ohio State Life Insurance Company instead of Ohio National Life Insurance Company.

The Amarillo National Bank answered that it was stakeholder, had no interest in the controversy or the money, and was ready and willing to pay the $500 to whomsoever directed by the court.

U. S. Rudy and C. J. Spornitz answered by general demurrer, special exceptions, and general denial. They also pleaded a cross-action against the plaintiff and the Amarillo National Bank, alleging that they entered into a certain contract with the Ohio State Life Insurance Company, a corporation, by the terms of which it agreed to sell and convey to them, by general warranty deed, the land described

in plaintiff's petition, on the terms and conditions and for the consideration expressed in said contract, and to furnish an abstract of title showing a good and merchantable title in said Ohio State Life Insurance Company; that it was agreed that any defects in the title should be pointed out by them in writing; that they placed the sum of $500 in escrow with the Amarillo National Bank, to be applied as a part of the purchase price of the land in the event the sale was consummated, but to be returned to them in the event the Ohio State Life Insurance Company failed to comply with the obligations imposed upon it in said contract; that an abstract of title was furnished, but did not show good title in said Ohio State Life Insurance Company or in the Ohio National Life Insurance Company; that they pointed out in writing numerous objections and defects in the title to said land; that the alleged vendor attempted to cure said defects, but was unable so to do, and defaulted in compliance with the provision of the contract to furnish them a good and merchantable title. They asked judgment against the bank and the plaintiff for the $500 which they had deposited in escrow. They also allege that their contract was not with the Ohio National Life Insurance Company, but with the Ohio State Life Insurance Company, and that, if the alleged agents were acting for the Ohio National Life Insurance Company, defendants were misled as to the identity of the seller, and, by reason of this mistake, the minds of the parties contracting never met, and they never agreed to receive the warranty deed from the Ohio National Life Insurance Company, and hence were not bound thereby, because the contract was unilateral and void.

By supplemental petition, the plaintiff, in answer to the pleading of Rudy and Spornitz, filed a general demurrer, special exceptions, general denial, and pleaded that the contract was with the Ohio National Life Insurance Company, acting by the Godfrey Investment Company, which latter company was acting by and through R. L. Brown, as agent, and that Rudy and Spornitz are estopped to deny that Brown was the agent of the Ohio National Life Insurance Company or the Godfrey Investment Company; that the Ohio National Life Insurance Company, in all things, ratified the contract, etc.

The court sustained a general demurrer to the petition of plaintiff, who declined to amend, and the cause of action of plaintiff was dismissed. On the same day, the cross-action filed by the defendants Spornitz and Rudy against the plaintiff R. L. Brown and the defendant Amarillo National Bank was called, a jury was waived, all parties announced ready for trial upon the cross-action, and all matters of fact as well as of law were submitted to the court, and he rendered judgment that U. S. Rudy and C. J. Spornitz have and recover of and from the plaintiff, R. L.

Brown, and the defendant the Amarillo National Bank, the $500 escrow money, and from this judgment the plaintiff, hereinafter called appellant, prosecutes this appeal.

The court finds, in his judgment on the cross-action, in effect, that the contract for the sale and purchase of the land involved was entered into by the Ohio State Life Insurance Company, a corporation, and U. S. Rudy and C. J. Spornitz; that the Ohio State Life Insurance Company, the seller, agreed to furnish to Rudy and Spornitz, the buyers, an abstract of title showing good and merchantable title in the seller, and to correct any defects in the title which should be pointed out by the buyers; that the buyers placed with the Amarillo National Bank $500, to be applied as part of the purchase price of the property, if the sale was consummated, but, if the seller failed to comply with the terms and conditions of the contract, the $500 was to be returned to the buyers; that the abstract was furnished, but did not show good title in the seller, the Ohio State Life Insurance Company, or in the Ohio National Life Insurance Company; that the defects were pointed out in writing, and an attempt made to correct such defects, but that such defects were not corrected, and good and merchantable title was not tendered.

The appellant assigns as error the action of the trial court in sustaining a general demurrer to his petition. There is no statement of facts in the record, and none of the findings of the trial court are challenged. We deem it unnecessary to determine whether or not the court committed error in sustaining the general demurrer to appellant's petition, for the reason that, in order for appellant to recover, he was required to show, among other things, that Rudy and Spornitz, hereafter called appellees, were furnished an abstract of title certified to date, showing good and merchantable title to the property, either in the Ohio State Life Insurance Company or in the Ohio National Life Insurance Company, or that the defects to said title pointed out by appellees in writing were cured so the abstract would show that the appellees were tendered, by the vendor, a good and merchantable title. These identical issues were presented to the court in appellees' cross-action, in which they alleged that they were not furnished an abstract showing good and merchantable title; that they pointed out in writing the defects in said title; that an attempt was made to correct such defects, but that the vendor wholly failed to make such corrections. The court further finds, in his judgment, that the vendor furnished an abstract; that appellees pointed out defects in the title, but that such defects were never corrected, and appellees were never tendered a good and merchantable title. We conclude, therefore, that, if the court committed error in sustaining the general demurrer, it was harmless, because, as revealed by the record, there was a full hearing on the cross-action,

and all parties introduced their testimony, and the issue, of furnishing good and merchantable title was determined against appellant by the court.

" * * * Where, notwithstanding the ruling upon the plea, the case has been tried upon the matters embraced in it, the defendant having introduced evidence full to those matters, and the jury having been instructed in reference to them, and having passed upon them, as if they were legally in issue; and it has been made manifestly to appear that the plea could not possibly [165] have availed the defendant, had it been permitted to stand; and, consequently, that he cannot be benefited by a reversal of the judgment, we can perceive no good reason why the erroneous ruling upon the sufficiency of the plea should not be treated as a mere irregularity in practice, not affecting the real merits of the controversy, and not affording a ground for reversing the judgment." McClenny v. Floyd, 10 Tex. 159.

The same doctrine is announced in Milmo National Bank v. Convery (Tex. Civ. App.) 49 S. W. 926; Ralls v. Parish (Tex. Civ. App.) 151 S. W. 1092; Riley v. Palmer (Tex. Civ. App.) 237 S. W. 326; and Harding v. Yarbrough et al. (Tex. Civ. App.) 293 S. W. 939.

The judgment is affirmed.