## KANSAS CITY LIFE INS. CO. v. McLAUGH-LIN et al.

### No. 1408.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1933.

Goggans & Ritchie, of Dallas, for appellant.

F. M. Fitzpatrick and Sleeper, Boynton & Kendall, all of Waco, for appellee.

STANFORD, Justice.

On April 10, 1929, the appellant, Kansas City Life Insurance Company, filed in the county court of McLennan county, Tex., sitting in matters of probate, its bill of review complaining of Monroe McLaughlin, individually and as administrator of the estate of Ben McGee, deceased, and W. A. McLaughlin, C. B. McLaughlin, and R. S. Greig, the sureties on the administrator's bond of said Monroe McLaughlin, and F. D. Glass, the appellees in this cause, alleging as follows:

That administration was opened on the estate of Ben McGee, deceased, in the county court on March 3, 1926; that Monroe McLaughlin was appointed administrator, and duly qualified as such and filed the necessary bond, which was duly approved; that petitioner, Kansas City Life Insurance Company, as owner of the principal note for $4,000 executed by the decedent and his wife, and secured by a first deed of trust on 646 acres of land in McLennan county, Tex., duly presented its claim for said indebtedness and lien to said administrator, which claim was by said administrator duly allowed for the sum of $4,620, representing principal, interest, and attorney's fees on said note; that said proof of claim, with the allowance thereof, was duly filed in said court and by said court duly approved as a valid claim against said estate, secured by a first lien on the land therein described; and that the claim, with the exception of interest which matured January 1, 1927, 1928, and 1929, has not been paid.

Said bill of review further alleges that on June 6, 1927, said administrator filed in said court an application for the sale of the land described in petitioner's said proof of claim; that citation on said application was issued and published in which the description of the land was defective and insufficient; that on January 2, 1928, the court granted an order of sale of said land stating that same should be sold for part cash and part credit, but provided that all deferred payments should not run longer than twelve months from the date of such sale; that the administrator filed his report of sale of said land on January 5, 1928, in which he states that said land was sold for the sum of $3,500 cash and the further sum that said F. D. Glass, purchaser of said property, assumed and agreed to pay off and discharge a first lien note against said tract of land in the sum of $4,000; that said report further shows that the note of $4,000 held by petitioner did not mature until January 1, 1936; that by an order of said court dated January 11, 1928, said sale to F. D. Glass was confirmed; and that said sale to said Glass was made by the administrator without the consent of petitioner. Said bill of review further alleges that the assumption of petitioner's note by said Glass did not operate to relieve the estate of the decedent from its liability for the payment of said note, and that notwithstanding that the claim of petitioner had not been paid and discharged, said administrator on June 9, 1928, filed his final report as administrator; that on July 21, 1928, an order was entered approving said final report, discharging the administrator and the sureties on his bond as such, and closing the estate; that petitioner and its attorneys had no actual notice of the filing of said final report and the entry of said order until on or about the month of November, 1928; that said report and order were filed and entered without the consent of petitioner and without any waiver on its part of its claim against said estate; and that such report shows that the administrator distributed to the heirs of the decedent certain sums of money. Said bill of review further alleges that the respondent, F. D. Glass, has admitted that he is liable for the principal of said note for $4,000 and unpaid interest thereon, but denies that he is liable for or assumed the payment of attorney's fees provided for by said note and as evidenced by petitioner's claim on file in said cause, and has offered to pay the amount of principal and interest due on said note, but refuses to pay the attorney's fees and demands that the petitioner resort to the estate of Ben McGee, deceased, and the administrator thereof and the sureties on his bond for such claim for attorney's fees. In said bill of review it was alleged that the proceedings relating to the sale of said land to F. D. Glass were irregular, void, and unenforceable for the reason that the notice of the sale of said land as issued out of the probate court did not properly describe the land and because the order of sale provided that the land might be sold in part on credit, provided the deferred payments did not run for a longer period than twelve months, whereas, the sale

as actually made was in part for cash and in part the assumption of petitioner's note which did not mature until 1936, and for the reason that the administrator knew that all indebtedness due by the estate had not been paid and that the claim of petitioner was outstanding and unpaid, he therefore secured the entry of said order of the court under a mistake either of law or fact. ·The petitioner prayed that the sale of the land to F. D. Glass be set aside; that the order approving the final report of the administrator be set aside; that the estate be reopened; that said Monroe McLaughlin be reinstated as administrator of the estate; that he be directed to pay and discharge the claim of petitioner and that petitioner have general relief. The respondents, Monroe McLaughlin, W. A. McLaughlin, C. B. McLaughlin, and R. S. Greig filed an answer containing a general demurrer, special exceptions, general denial, and a special answer to the effect that the agents and representatives of petitioner mutually agreed with respondents that if the respondents would find a purchaser for said land, who would assume and agree to pay petitioner's note and interest, said petitioner would waive its demand for attorney's fees; that respondents actually found a purchaser in the person of Glass, who so purchased said land; and the land was sold and conveyed to Glass in accordance with said agreement with the full knowledge, consent, and acquiescence of the petitioner; and that petitioner had thereby ratified said sale and is now estopped to contest said sale or to claim said attorney's fees. Upon appeal to the district court the matter was there tried without the intervention of a jury, and upon the conclusion thereof the court entered judgment finding that the appellant had not shown sufficient grounds for the filing of its bill of review in this cause and that the action of the county court of McLennan county was final and denying the bill of review and discharging respondents.

The appellant presents various assignments of error in which it complains of the action of the court in failing to sustain its bill of review. The substance of its contentions is that the evidence fully sustains the allegations in the bill of review and that the allegations contained therein were sufficient to require the court to set aside the sale of said land and to reopen said estate for further administration. Under the view we take of the case it is not necessary to either state or discuss. these assignments in detail.

■ In the first place, we are of the opinion that the bill of review did not contain sufficient allegations to authorize or require the court to set aside the order confirming the sale of said land to Glass nor the order closing the administration of said estate. We recognize the right of a probate court to set aside an order or judgment entered at a former term where it is shown that such order was entered as the result of fraud, accident, or mistake; but the party seeking to set aside such order must establish that it was not caused to be entered by his neglect and that he exercised due diligence to prevent it; that he has a good defense and was prevented from presenting same at the proper time by the acts of the opposite party, wholly unmixed by any fraud or negligence on his part. Harding v. W. L. Pearson & Co. (Tex. Com. App.) 48 S.W.(2d) 964. In this case the order confirming the sale of the land to Glass was entered in January, 1928. The petition for. review was not filed until April, 1929. The petition does not charge that the order was entered through any fraud, accident, or mistake and no excuse is shown why petitioner did not sooner discover and complain of said order. The petitioner does allege that it had no notice that the order had been entered, but no excuse is given for its failure to keep in touch with the probate proceedings in which it had a claim.

■ In the second place, we think the evidence establishes that the appellant agreed to waive its attorney's fees and agreed to and acquiesced in the sale of said land to Glass upon the terms as ordered by the probate court, and that it is now estopped to question the legality of said sale on account of any errors therein. There is ample evidence in the record to establish that the appellant agreed with said administrator that if a purchaser for said land could be found, it would be agreeable with appellant for the administrator to convey said land to such purchaser upon the purchaser's agreement to assume and pay the principal and interest due on appellant's note, and that appellant would waive its attorney's fees provided for in said note; that immediately after the land had been sold to Glass and the sale confirmed, the appellant was informed of the name of the purchaser and the terms of the sale and that it acquiesced therein and from time to time collected from Glass, the purchaser, the annual interest due on said loan. It did not attempt to have said sale set aside for approximately fifteen months after the order confirming the sale had been entered. Under these circumstances we think the appellant acquiesced in and ratified said sale and thereby waived any irregularities in said sale and is now estopped to have the sale of said land set aside.

The judgment of the trial court is affirmed.