## COOK v. WILMETH et al.

### No. 2299.

Court of Civil Appeals of Texas. Eastland.

Oct. 23, 1942.

Rehearing Denied Dec. 4, 1942.

Harry R. Bondies, of Sweetwater, for appellant.

Hamner, Ponder & Neblett and Mays & Perkins, all of Sweetwater, for appellees.

GRISSOM, Justice.

Warren S. Cook, alleging that he was "acting as administrator de Bonis Non herein, now appearing as such administrator and as next friend of Mary E. Wilmeth, widow and principal devisee of A. C. Wilmeth, deceased, duly authorized thereunto in such regard" filed this suit in the county court of Scurry County against Harrie Winston, Lex C. Wilmeth and the National Surety Corporation. A general demurrer to plaintiff's petition was sustained by the county court and the plaintiff refusing to amend, the case was dismissed and plaintiff appealed to the district court prior to September 1, 1941. Plaintiff filed an amended petition in the district court, his allegation as to the capacity in which he brought the suit was retained in the amended petition and was as heretofore quoted. Plaintiff alleged that in 1932 Winston and Wilmeth were appointed and qualified as administrators of the estate of A. C. Wilmeth, deceased, in cause No. 703 on the probate docket of Scurry County. That they executed a bond as such administrators, with National Surety Company as the surety on said bond; that National Surety Corporation, its successor, assumed liability under said bond as of date May 1, 1933. Plaintiff alleged that said administrators had never been discharged as such, but that on the 5th day of December, 1936, they filed a petition in said court to resign, along with "a separate purported final account filed by each of them, which said two purported accounts were each on the 29th day of December, 1936, approved by the County Court * * *". That on December 30, 1936, plaintiff was appointed administrator de bonis non. That from November, 1932, to December, 1936, Winston and Wilmeth had actual charge, control, and possession of the properties of said estate; that their possession and control was "joint, several and mutual", and their liabilities and responsibilities were "joint and several." That said administrators filed three joint purported annual accounts. Plaintiff, then, at great length, attacked the annual accounts, alleging, among other things, that they were not complete and incorrect; that their expense accounts were not in compliance with Art. 3692; that the accounts did not show any authority to rent the real estate, and alleged that authority was not obtained. That notice of the filing of the annual accounts was not given. That the annual accounts, except one filed January 21, 1936, "were all approved by this said probate court." That said last mentioned account was not itemized so as to show the amounts of rent paid on the property nor the time covered. That in said last annual account the disbursements set forth therein were not itemized and no vouchers accompanied said annual account. Plaintiff alleged that, therefore, said annual accounts did not constitute any part of the record in this case and could not be referred to in the final accounts. That plaintiff "objects to each and every disbursement of funds belonging to this estate as shown in said three purported annual accounts." That the administrators' "so-called" final accounts were sworn to separately, contained conflicting recitals and "neither could be audited and settled through its own recitals and that of the other report, so as to show the respective rights and duties of said Defendants with respect to said estate * * *". That Wilmeth's final account stated that he had exclusive management of the buildings and the leasing and collection of rentals there-

from; that said statement was not "entirely correct, and that both of said defendants on occasion attended to the leasing of said buildings and the collection of rents thereon", but that if plaintiff be mistaken, that each of said defendants had full knowledge of and acquiesced in the conduct of the other with reference thereto.

Plaintiff alleged (1) that, as shown by the final account of Wilmeth, defendants had wrongfully retained out of the rents collected $1,369.21. (2) That because of said defendant administrators' failure to obtain authority of the court to rent the real estate defendants "owe said estate for the reasonable and agreed rental value of said properties, due, owing and not collected of tenants to whom they rented said properties, without taking note or security therefor, the sum of $2,079.50", as shown by Wilmeth's final account. (3) That, while it was not revealed by the final accounts, it was a fact that with the knowledge, assent and acquiescence of Winston, Wilmeth, about November 1, 1932, took possession of said real estate referred to as the "Blankenship property" and has ever since been using, occupying and enjoying said real estate "and personal property belonging to said estate." That the reasonable rental value of said property so used by Wilmeth was $15 per month, for which plaintiff sought judgment against both of said defendant administrators in the sum of $1500. That Wilmeth's final account recited that the estate was indebted to him in the sum of $528 "for labor and repairing buildings 132 days." That said claim was not dated, did not show the property to which it related, nor the time nor necessity for such labor, and was not verified as required by Art. 3692. That the same section of Winston's final account recited "the following are owing by the estate in addition to those enumerated above: none." That the defendant administrators had administered the estate carelessly, negligently and in disregard of the duties and obligation imposed upon them by statute. That notwithstanding such management, each filed claim for commissions in their final accounts.

Plaintiff alleged that in December, 1936, before plaintiff qualified as administrator de bonis non, "and without auditing or restating same or having settlement thereon, the said County Court * * * inadvertently, mistakenly, erroneously and wrongfully entered orders concerning both of said purported final accounts, in terms apparently approving both of them, as hereinbefore set forth." Petitioner then alleged that the records showed, as a matter of law, that the "so-called" final accounts were not considered or adjudicated upon by the court as final accounts for the following reasons: (1) They were not audited nor restated, nor settlement required nor had by the court as is provided by Art. 3472. "(2) No order was then made nor has any since been made, accepting the resignation nor discharging said defendants as administrators." That said final accounts did not show that an inheritance tax had been paid. (4) That said final accounts were "unacceptable as such because they show and recite maladministration by said co-administrators in the admitted and unauthorized retention by them of moneys belonging to said estate, and because they show and recite rental of real property belonging to said real estate without order of the court and without taking note or security therefor." Plaintiff then alleged, among other things, that said final accounts were not accompanied by vouchers, were not complete and did not furnish means whereby audit and settlement of their accounts could be had.

Plaintiff further alleged that in the order appointing him administrator de bonis non, he was authorized to receive from Wilmeth and Winston all property belonging to the estate that had come into their hands and to settle their accounts under the supervision of "this" court. Plaintiff prayed for an "order holding and declaring said purported final accounts to be ineffective as such final accounts and final settlements, and holding and declaring that they were not adjudicated upon as final settlement and final accounts; and that the said Harrie Winston and Lex C. Wilmeth be now required to make final accounting and final settlement * * *."

The Surety Corporation, among other things, filed a plea to the jurisdiction of the court and abatement. It excepted to the petition, among other things, because plaintiff sought to maintain the suit as next friend to Mrs. Wilmeth, and no facts were alleged which would authorize plaintiff to maintain the suit in that capacity, and further because plaintiff's petition was for an accounting and restatement of the final accounts of the administrators in

chief and no judgment or relief was prayed for against the defendant Surety Corporation. The Surety Corporation also excepted as follows:

"This Defendant specially excepts to said amended petition, for the reason that the same is merely for an accounting and restatement of the final accounts of the Administrators in Chief of said estate and no judgment or relief is prayed for as against this Defendant; and, further, that the liability, if any, of this Defendant is as surety upon the bond of Administrators in Chief and therefore secondary, and no recovery could be had against this Defendant under the cause of action asserted, even if judgment or relief were prayed for; and since no judgment or relief is sought against this Defendant, said amended petition fails completely to state a cause of action which could be maintained against it and this Defendant should be dismissed herefrom, and of this it prays judgment of the Court."

The defendant Winston answered, among other things, that in March, 1941, in cause No. 3301, in the district court of Scurry County wherein Cook, administrator de bonis non of the estate of A. C. Wilmeth, deceased, was plaintiff and the said Wilmeth and Winston and National Surety Corporation were defendants, the court rendered judgment against plaintiff in favor of said defendants, that the issues in said cause were the same as the ultimate issues in this cause; that said judgment is still in force and effect and has not been set aside, and urged that judgment as res adjudicata. Defendant further alleged said facts, and that thereby plaintiff was estopped from again seeking the same recovery in this case.

Winston excepted to plaintiff's petition, among other things, as follows:

"Because it is not alleged in said petition that the order approving the final accounts of this defendant and of the defendant Lex C. Wilmeth were procured through fraud, and no fact or facts are alleged showing that the probate court entered such order through accident or mistake.

"Because it is not alleged in said petition that the parties interested in said estate were deprived of the opportunity to file objections to said final accounts of this defendant and of the said Lex C. Wilmeth before the probate court approved the same, nor is it alleged that the said parties did not examine and audit said final accounts before the approval thereof, nor is it alleged that the said parties were not present in court at the hearing on said final accounts and agreed to the correctness of the same and the approval thereof by the probate court.

"Because it is not alleged in said petition any reason of the failure of said parties interested in said estate to resort to their legal remedies of appeal and certiorari from the orders of the probate court approving said final accounts before resorting to this equitable remedy of seeking to set aside such orders of the probate court.

"Because it appears from the face of said petition that the final accounts * * * (of the former administrators) was approved by the probate court on December 29, 1936, and this suit was not filed until September 16, 1939, a period of 2 years, 8 months and 17 days intervening, and no legal reason is set forth in such petition for such delay, and it therefore appears that the plaintiff herein, is, as a matter of law, guilty of laches.

"Because it is nowhere alleged in the petition whether this inadvertent mistake, error and wrong of the court in approving the final accounts was one of law or one of fact; if one of law, the only remedy for such mistake is by appeal and not a suit to set aside such order."

The above quoted exceptions, among others, were sustained by the trial court and plaintiff refused to amend. Plaintiff then filed a motion seeking to have the court declare the effect of sustaining said exceptions. That motion was overruled and the court proceeded to trial. Plaintiff refused to introduce any evidence and defendants introduced evidence in support of their pleas of res adjudicata. The trial was to the court. Wilmeth was served with nonresident notice but did not appear or answer. The court found for defendants on their pleas of res adjudicata and rendered judgment for them. Plaintiff Cook has appealed.

The orders of the probate court accepting the resignation of an administrator and approving the final account of the resigning administrator are judgments of a court of competent jurisdiction. Any person interested in the estate who was dissatisfied with such an order had the right to appeal to the District Court, or

to apply to the District Court for a writ of certiorari; otherwise, unless the judgment was void, it could not be set aside after the expiration of the term at which it was rendered in such a proceeding as that here instituted, in the absence of allegation and proof of fraud, accident or mistake. Nothing is alleged negating the presumption of the issuance of notice of the filing of the final account or showing lack of jurisdiction of the court. Facts showing fraud, accident or mistake were not alleged. The order approving the final account was not appealed from and became a final judgment. Price v. Smith, Tex.Civ.App., 109 S.W.2d 1144; Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279; Lipscomb v. Lofland, Tex.Civ.App., 141 S.W.2d 983; Hirshfeld v. Brown, Tex.Civ. App., 30 S.W. 962; Sabrinos v. Chamberlain, 76 Tex. 624, 13 S.W. 634; Cooper v. Laughlin, 75 Tex. 524, 13 S.W. 37; Loewenstein v. Watts, Tex.Civ.App., 119 S.W.2d 176, affirmed 134 Tex. 660, 13 S. W.2d 2, 128 A.L.R. 910; Cobbel v. Crawford, Tex.Civ.App., 120 S.W.2d 1085; Armstrong v. Anderson, Tex.Civ.App., 75 S.W.2d 1104; Watkins v. Sansom, 22 Tex.Civ.App. 178, 54 S.W. 1096, writ refused; Harbison v. Harbison, Tex.Civ. App., 56 S.W. 1006; Thornton v. Central Loan Company, Tex.Civ.App., 164 S.W.2d 248; Kansas City Life Ins. Co. v. McLaughlin, Tex.Civ.App., 64 S.W.2d 1030; Ball v. Ball's Estate, Tex.Civ.App., 45 S. W. 605; Cameron v. Morris, 83 Tex. 14, 18 S.W. 422; Debrell v. Ponton, 27 Tex. 623; Harding v. Pearson & Co., Tex.Com. App., 48 S.W.2d 964; Holt's Simpkins Administration of Estates, 3rd Ed., 276.

Plaintiff apparently relies upon the decision in Thomas v. Hawpe, 35 Tex.Civ.App. 311, 80 S.W. 129, 130, to sustain his right to maintain the instant suit. We think that case may be distinguished from the allegations of plaintiff's petition. The instant suit relates to the action of the probate court in approving an application to resign and the administrator's final account tendered with such application to resign. The Hawpe case dealt with the final account of an administrator not tendered with his application to resign, but tendered at the supposed close of an administration of an estate. The procedure is similar, but not in all respects the same. In the Hawpe case an account was filed by an administrator that was "styled on the back" thereof "Final Account". It plainly did not contain all of the usual or essential elements of a final account. The order approving that account was not the usual or applicable form of an order approving a final account, but the form applicable to an annual account. It is true that the opinion in that case says that "the facts recited" therein did not show that the court considered or adjudicated the account as a final account. The conclusion is alleged in plaintiff's petition in the instant case that the probate court did not consider or adjudicate the account here involved as a final account. In the Hawpe case, after said account "styled" a final account on its back had been approved, the administrator continued to administer the estate and thereafter filed a supplemental account referring to the former account and reciting that since the filing of the account "styled" final account, the administrator had made payment on certain established claims mentioned and approved therein. On this last so called supplemental account citation was issued, as required by law in cases where final accounts were filed, citing all parties interested in the estate to appear and show cause why the account should not be approved and the administrator de bonis non discharged. The contestants there, Hawpe et al., filed an answer to said so called supplemental account and demanded a restatement of the administrator's final and previous accounts, and contested his right to be discharged. The court in the Hawpe case held that the administrator in filing the last account recognized the administration as still pending, as did the probate court. The court there further justified its opinion with the proposition that regardless of whether said first account was a final account approved as such, that "it would not be final as to property accidently or fraudulently omitted therefrom." Furthermore, in that case the heirs charged the administrator with fraud. These things do not appear in plaintiff's petition. Other differences and distinctions could be pointed out. See Thomas v. Hawpe, 35 Tex.Civ.App. 311, 80 S.W. 129, 131, and Id., 25 Tex.Civ.App. 534, 62 S.W. 785.

We think the exceptions quoted were properly sustained. Whether or not the sustaining of said special exceptions had the effect of sustaining a general demurrer [prior to September 1, 1941] need not be determined. The former administrator, Winston, and the surety on the former ad-

ministrators' bond alleged that Cook, administrator de bonis non, had theretofore sued the defendants in this case in cause No. 3301 in the District Court of Scurry County; that the ultimate issues in that case and the instant case were the same; that judgment was rendered for the defendants in said cause; that said judgment was final. See Dwyer v. Kaltayer, 68 Tex. 554, 558, 5 S.W. 75; Johnson v. Morris, 45 Tex. 463, 465; Todd v. Willis, 66 Tex. 704, 1 S.W. 803; Stewart v. Morrison, 81 Tex. 396, 17 S.W. 15, 26 Am.St. Rep. 821.

No statement of facts is in the record in this case. We are required to presume there was evidence supporting the trial court's conclusion that the cause of action here attempted to be asserted had previously been decided against the plaintiff in the district court case. That would require an affirmance of the judgment. However, it is our duty to take notice of our judgment and records in a connected and related case. The judgment of the District Court in Cook, administrator de bonis non, vs. Winston, Wilmeth and National Surety Corporation, No. 3301 in said court, was affirmed on certificate in this court and the judgment became final. In that case Cook, as administrator de bonis non, filed suit against the same defendants as are found in the instant case. There plaintiff alleged that Winston and Wilmeth were duly appointed administrators of the estate of A. C. Wilmeth, deceased, in cause No. 703 in the probate court of Scurry County in October, 1932; that they executed a bond as such administrators with National Surety Company as surety; that National Surety Corporation assumed the liability of National Surety Company on said bond; that Winston and Wilmeth took the oath of office and qualified as administrators in said cause; that they served jointly and continuously as such administrators until December, 1936, when they tendered their resignations to said county court as such administrators; that the probate court entered an order requiring Wilmeth and Winston to deliver to Cook the estate of A. C. Wilmeth, deceased, remaining in their possession, and appointed Cook administrator, authorizing and requiring Cook to take charge of all the property of the estate; that plaintiff qualified as such administrator; that said defendants did not make delivery of said estate to plaintiff nor deliver to him the moneys sued for, and that said administrators had not been discharged of their liability to the estate; that Winston and Wilmeth as such administrators during said time had the control, management, custody, care, and responsibility of said estate jointly; that each had knowledge of and acquiesced in the management, use and rental of said property by the other. In said suit Cook, administrator, alleged that said former administrators rented and leased on credit certain real estate belonging to the estate; that such renting and leasing was without authority of the county court, and that no note or security for the rent was taken, wherefore, Cook sought to recover of said former administrators $4185.71. In that case Cook, administrator de bonis non, further sought to recover from the administrators in chief the alleged rental value of the Blankenship property therein described, alleged to have been occupied rent free by Wilmeth. The rental value was alleged to be $15 per month and the rent is alleged to have been owing since November, 1932. Cook alleged that the use and occupancy of said premises without payment of rent by Wilmeth was with the knowledge and consent of Winston, and that no order of the county court was obtained authorizing such use of said property by Wilmeth, and that no note or security for the rent of said property was taken. Plaintiff alleged devastavits, maladministration, misappropriation of funds, and losses to said estate, enumerated in plaintiff's petition in the District Court, occurred subsequent to May 1, 1933, and that therefore the National Surety Corporation was bound and obligated to pay $1000 on account of such losses; that in January, 1937, Cook demanded of the defendants the rents and moneys due said estate, but they failed and refused to pay same.

A reference to Cook's petition and the court's judgment in the District Court in said former case shows that in said case there was determined against him the very relief sought in the instant suit. In the former case Cook, as administrator de bonis non, sought to recover from the same parties for the same acts as in the instant case. The only real difference is that in the former case he asked judgment for "damages" and in the instant case he seeks to recover for the same acts by having the

probate court require Winston and Wilmeth "to make final accounting and settlement". Plaintiff and his privies were thus precluded from bringing another suit on the same claims and demands. 26 Tex. Jur. 108. For our authority and duty to refer to our judgment and our records on the appeal of said former cause from the district court, see the following cases: Jones v. City of Uvalde, Tex.Civ.App., 144 S.W.2d 932, writ refused; Cochran County v. Boyd, Tex.Civ.App., 26 S.W.2d 364; Ferguson v. Ferguson, Tex.Civ.App., 127 S.W.2d 1018, 1021; Sawyer v. First National Bank of Hico, 41 Tex.Civ.App. 486, 93 S.W. 151, writ refused; Ætna Insurance Co. v. Dancer, Tex.Com.App., 215 S.W. 962.

If otherwise there should be any question of the acceptance of the former administrators' application to resign that question would appear to be settled by the fact that Cook was appointed administrator de bonis non and brought both of said suits in said capacity. Slay v. Davidson, Tex.Civ.App., 88 S.W.2d 650, writ refused; Mellinger v. Nicholson, Tex.Civ. App., 142 S.W.2d 307.

We conclude that since the plaintiff is bound by the final judgment against him in the former case, affirmed by this court, wherein the issues here sought to be adjudicated were decided against him, that, if errors were committed during the trial, no other proper judgment could have been rendered, and therefore it is our duty to affirm the judgment. Rules of Civil Procedure, Rule No. 434; 14 Tex.Jur. 434; Handy v. Olney Oil & Refining Co., Tex. Civ.App., 68 S.W.2d 313, writ refused; Minnick v. Dreyer Motor Company, Tex. Civ.App., 227 S.W. 365; Rosser v. Levi, Tex.Civ.App., 210 S.W. 314; Fritz Motor Co. v. Gabert, Tex.Civ.App., 41 S.W.2d 72; Obets v. Oppenheimer, Tex.Civ.App., 63 S. W.2d 320; Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W. 2d 336; Brown v. Spornitz, Tex.Civ.App., 6 S.W.2d 219; Snow v. Cook, Tex.Civ. App., 278 S.W. 520; Griffith v. Tipps, Tex. Civ.App., 69 S.W.2d 846.

We think the situation is not affected by reason of the addition in this suit to the allegations of the petition in former case that plaintiff now appears not only as administrator de bonis non, but also as "next friend of Mary E. Wilmeth, widow and principal devisee of A. C. Wilmeth, deceased, duly authorized thereunto by her in such respect". "One who sues for the use and benefit of another should, of course, incorporate in his petition appropriate allegations other than a bare averment that he sues for the use of the real party in interest, such, for example, as the legal disability of the real party to sue in his own name." 32 Tex.Jur. 23. Clearly such allegation shows no right in plaintiff to maintain a suit for Mrs. Wilmeth and was excepted to for said reason.

"A litigant is not entitled to have a second trial of an issue that was determined in a former suit merely because in the second suit he has a different purpose in view and seeks other relief." 26 Tex. Jur. 114. And, of course, a party who has had the same issues decided against him and final judgment rendered cannot "renew the litigation by simply joining with them a new party * * *". 26 Tex.Jur. 18. Rules of Civil Procedure, Rule No. 44 provides for the representation of persons non compos mentis, lunatics, idiots, and minors by next friend, but there is no provision made for representation of a widow by her next friend. Here the allegation does no more than state that as next friend he brings a suit for an adult. A recovery by the administrator Cook would have inured to the benefit of those entitled to the Wilmeth estate.

The judgment is affirmed.